**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4274**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

CASEY SEON BURNETT,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Cameron McGowan Currie, Senior District Judge. (4:99-cr-00006-CMC-5)

Submitted: August 14, 2014   Decided: August 28, 2014

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Katherine E. Evatt, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Casey Seon Burnett pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (2012), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Burnett to a total of 200 months of imprisonment followed by five years of supervised release. Following his release, Burnett admitted violating the terms of his supervised release, and the district court revoked Burnett's supervised release and sentenced him to eleven months of imprisonment. During the revocation hearing, the court expressed concern that Burnett would not receive adequate long-term drug treatment outside of prison and relied on Burnett's need for medical care in explaining its sentence. Burnett has appealed, arguing that the sentence imposed upon him is procedurally unreasonable because the district court improperly considered his need for drug treatment while incarcerated. We hold that although the district court erred in considering Burnett's rehabilitative needs, the error did not affect Burnett's substantive rights. We therefore affirm.

We review a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable, generally following the procedural and substantive considerations employed in reviewing original sentences. United States v. Crudup, 461 F.3d 433, 437 (4th Cir.

2

2006).  Moreover, although a district court must consider the policy statements in Chapter Seven of the Sentencing Guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2012) and 18 U.S.C. § 3553(a) (2012), "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum."  Id. at 439 (internal quotation marks and citation omitted).

"[18 U.S.C.] Section 3582(a) [(2012)] precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation."  Tapia v. United States, 131 S. Ct. 2382, 2391 (2011); see also United States v. Bennett, 698 F.3d 194, 197-98 (4th Cir. 2012) (court may not consider need for rehabilitation in imposing revocation sentence), cert. denied, 133 S. Ct. 1506 (2013).  Here, Burnett "did not object at the revocation hearing on the grounds asserted here," and we therefore review this issue for plain error.  Bennett, 698 F.3d at 199.  To establish plain error, Burnett must demonstrate that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights.  Id. at 200 (citing United States v. Olano, 507 U.S. 725, 732 (1993)).  Even if all three prongs are met, we have discretion to deny relief, particularly when doing so "would not 'result in a miscarriage of justice.'"  Id. (quoting United States v. Robinson, 627 F.3d 941, 954 (4th Cir. 2010)).

3

In Bennett, we held that it is procedural error to consider rehabilitative needs in sentencing a defendant to a term of imprisonment at a revocation hearing. Bennett, 698 F.3d at 200. The district court in that case erred by improperly considering the defendant's needs for intensive substance abuse treatment. Id. Despite the error, we affirmed Bennett's sentence because the procedural error did not affect the defendant's substantial rights "by influencing the outcome of the sentencing proceeding." Id. Other factors, such as Bennett's criminal acts while under supervised release, "provided independent justification for the sentence." Id. at 201.

We have thoroughly reviewed the record and conclude that in the case at hand the district court committed procedural error by considering Burnett's need for drug treatment in determining his sentence. We nonetheless affirm because the error did not affect Burnett's substantial rights. As in Bennett, consideration of Burnett's rehabilitative needs "constituted only a minor fragment of the court's reasoning." Bennett, 698 F.3d at 201. The district court properly relied on other factors, like the need to promote respect for the law and provide just punishment, in sentencing Burnett to eleven months' incarceration. Affirming Burnett's sentence would therefore not

affect his substantial rights, nor would it result in a miscarriage of justice.

Accordingly, we affirm the judgment of the district court. We also deny Burnett's motion to file a pro se reply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED